UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN HENDRIX,<br><br>  Plaintiff,<br><br> v.<br><br>FOULK, et al.,<br><br>  Defendants. | Case No. 1:20-cv-01307-JLT (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIM FOUND COGNIZABLE**<br><br>(Doc. 17)<br><br>21-DAY DEADLINE |

Benjamin Hendrix alleges the defendants were deliberately indifferent to his serious medical needs. (Doc. 17.) The Court finds that Plaintiff's second amended complaint states a cognizable claim against Defendant Arce but not Defendant Santoro. Accordingly, the Court directs Plaintiff to file a third amended complaint curing the deficiencies identified in this order or a notice that he wishes to proceed only on the claim found cognizable.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

///

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**III.    PLAINTIFF'S ALLEGATIONS**[1]

Plaintiff's claims stem from events at North Kern State Prison. (*See* Doc. 17 at 2.) Plaintiff names Warden Santoro and Correctional Captain Arce as defendants. (*Id.*)

In August 2017, Captain Arce "transferred plaintiff from A-yard to D-yard." (*Id.* at 3.) Prior to the transfer, Plaintiff informed Arce that he opposed the transfer "due to his ailing physical condition associated with pulmonary hypertension, hyperlipidemia, chronic kidney disease, hepatitis C, liver cirrhosis, . . . [and his] age of 64." (*Id.*) Plaintiff explained that he feared contracting Valley Fever because of the "major construction" being undertaken on D-yard. (*Id.*) Arce replied that since Plaintiff had not contracted the disease after being at the prison for several years, he had "nothing to worry about." (*Id.*) Plaintiff contracted Valley Fever within two months of being transferred. (*Id.*) He "became very sick, . . . suffering from constant coughing, malaise, fever, chills, night sweats, . . . weakness," loss of appetite, and weight loss. (*Id.*) Plaintiff alleges that Arce "was notified of his ailing physical condition and construction on the receiving yard, which made [Plaintiff] vulnerable to valley fever, but disregarded it" by transferring him to that yard. (*Id.* at 5-6.)

Plaintiff also alleges that Warden Santoro "did not have or adhere[ ] to . . . polic[ies] in making provisions for prisoners of plaintiff's ethnicity, age and physical condition regarding

---
[1] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

3

1 valley fever." (*Id.*) He further alleges that Santoro failed to train her subordinates regarding Valley Fever, and that she approved of the construction on D-yard without considering prisoners' risk of contracting the disease. (*See id.* at 3-4.)

## IV. DISCUSSION

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care. . ." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference to medical need is thus two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish a deliberate indifference claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the

4

prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff's allegations satisfy the first, objective prong. Plaintiff alleges he has multiple medical conditions that a reasonable doctor or patient would find worthy of treatment and that made him particularly vulnerable to contracting Valley Fever, (Doc. 17 at 3), which is a serious infectious disease. *Allen v. Kramer*, No. 1:15-cv-01609-DAD-JDP, 2019 WL 932029, at *2 (E.D. Cal. 2019) ("[t]he parties agree that Valley Fever is a serious medical condition").

Plaintiff's allegations also satisfy the second, subjective prong with respect to Defendant Arce. Plaintiff alleges that he informed Captain Arce of his medical conditions and susceptibility to contracting Valley Fever, particularly in light of the construction on D-yard,[2] but that Arce disregarded those risks by transferring him to that yard. (Doc. 17 at 3, 5-6.) The Court thus finds

---

[2] "Valley Fever is . . . caused by the inhalation of spores . . . that live[ ] in the soil[ ]." *Allen*, 2019 WL 932029, at *2. "[I]ndividuals exposed to dusty conditions" are at a "heightened risk of contracting the disease." *Id.*

5

1 that Plaintiff states a cognizable claim against the defendant.[34]

Plaintiff fails to state a cognizable claim against Defendant Santoro. He alleges that Warden Santoro failed to adequately train her subordinates and implement policies that limit prisoners' risk of contracting Valley Fever. (Doc. 17 at 3-5.) However, these allegations are conclusory and lack factual support. Plaintiff provides no facts that show that Santoro subjectively knew that he, or prisoners in general, faced a substantial risk of contracting Valley Fever and failed to take reasonable measures to abate that risk. If he chooses to file a third amended complaint, Plaintiff must provide sufficient facts, not conclusory statements, to show a "purposeful act or failure to respond to [his] . . . potential medical need" on the part of each defendant. *Wilhelm*, 680 F.3d at 1122 (citation omitted).

## V. CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's second amended complaint states a cognizable claim of deliberate indifference against Defendant Arce but not Defendant Santoro. Because he may be able to cure the deficiencies in his pleading, the Court grants Plaintiff leave to amend. **<u>Within 21 days</u>** of the date of service of this order, Plaintiff shall to file a third amended complaint curing the deficiencies identified herein or, in the alternative, notify the Court that he wishes to proceed only on the claim found cognizable. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **<u>no later than 21 days</u>** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint and prior amendments. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, a third amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his

---

[3] The Ninth Circuit has recently held that correctional officials are entitled to qualified immunity for claims regarding "the right to be free from heightened exposure to Valley Fever spores." *Hines v. Youseff*, 914 F.3d 1218, 1229 (9th Cir. 2019). However, though the Court finds the factual allegations sufficient for screening purposes, it does not make any finding whether the doctrine of qualified immunity may be extended to the facts of this case.

[4] The Court assumes for purposes of this screening only that the medical conditions and the plaintiff's age placed him at greater risk for contracting Valley Fever or for suffering greater impacts caused by the disease.

complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint. Accordingly, the Court **ORDERS**:

1. The Clerk of the Court is directed to file the second amended complaint lodged by Plaintiff (Doc. 17);
2. Plaintiff is **GRANTED** leave to file a third amended complaint;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
4. **Within 21 days** from the date of service of this order, Plaintiff shall file **one of the following three items**:
   a. a third amended complaint curing the deficiencies identified in this order, or
   b. a notice that he does not wish to file a third amended complaint and instead wishes to (1) proceed only on his deliberate indifference claim against Defendant Arce and (2) dismiss Defendant Santoro, or
   c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claim found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

Dated: **June 3, 2021**   _/s/ Jennifer L. Thurston_
CHIEF UNITED STATES MAGISTRATE JUDGE