UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN HENDRIX,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ARCE,<br><br>　　　　　Defendant. | Case No. 1:20-cv-01307-AWI-BAK (SKO) (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY**<br><br>(Doc. 49) |

Plaintiff Benjamin Hendrix is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On March 24, 2022, the Court issued its Order Granting Defendant's Second Motion to Modify Discovery and Scheduling Order. (Doc. 47.) The deadline for motions challenging the exhaustion of administrative remedies was extended to April 29, 2022, the deadline for completing all discovery was extended to July 15, 2022, and the deadline for filing pretrial dispositive motions was extended to September 29, 2022. All other deadlines remained in effect. (*Id*. at 2.)

On April 29, 2022, Defendant Arce filed a motion for summary judgment asserting Plaintiff failed to properly exhaust an administrative remedy. (Doc. 48.)[1]

---

[1] Further briefing is anticipated. Once fully briefed, the matter will remain pending on this Court's busy

On May 9, 2022, Defendant filed a motion seeking a stay of all discovery and associated deadlines pending a ruling on Defendant's motion for summary judgment. (Doc. 49-1 at 1.) Although the time for a response by Plaintiff has not yet passed (*see* Local Rule 230(l)), the Court finds one unnecessary.

## II.     DISCUSSION

Defendant seeks an order staying all discovery and vacating all deadlines pending this Court's determination of Defendant's motion for summary judgment for a failure to exhaust administrative remedies. (Doc. 49.) Defendant contends the Court should grant the requested stay because the pending summary judgment motion could dispose of the entire action and eliminate the need for discovery. (Doc. 49-1 at 3.) Further, Defendant contends the Court can decide the pending summary judgment motion without additional discovery. (*Id.*) Defendant also contends requiring the parties to respond to discovery requests before a decision on the summary judgment motion is issued would be a waste of resources. (*Id.*)[2] In the event the summary judgment motion is denied, discovery on the remaining issues could resume. (*Id.*)

The Court is vested with broad discretion to manage discovery. *Millner v. Biter*, No. 1:13-CV-02029-SAB, 2015 WL 4167386, at *1 (E.D. Cal. July 9, 2015) (citing *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). The avoidance of undue burden or expense is grounds for the issuance of a protective order. Fed. R. Civ. P. 26(c). Additionally, a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of Plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. *See Milliner*, 2015 WL

---

docket until a determination can be made by the Court.

[2] Defendant will respond to written discovery propounded by Plaintiff prior to the filing of the summary judgment motion. The response to Plaintiff's interrogatories is due May 26, 2022, and the response to Plaintiff's request for production of documents is due June 4, 2022. (*See* Doc. 49-2 at 2, ¶¶ 2-3 [Declaration of John W. Faulconer].)

2

4167386, at *1 (citing *Albino v. Baca*, 747 F.3d 1162, 1170–71 (9th Cir. 2014)) (en banc); *see also Gibbs v. Carson*, No. C–13–0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The two-part test for evaluating a request for a stay of discovery due to a pending motion considers: (1) whether "the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed;" and (2) whether "the pending potentially dispositive motion can be decided absent additional discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630-JAM-KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (citations omitted). If the moving party satisfies these two prongs, the Court may issue a protective order staying discovery. *See, e.g., Millner*, 2015 WL 4167386, at *1 (staying all merits-based discovery pending resolution of Defendant's motion for summary judgment on the issue of exhaustion).

Here, Defendant's pending motion for summary judgment is potentially dispositive of the entire case and can be decided absent additional discovery.

### III.    CONCLUSION AND ORDER

The Court finds good cause to impose a stay on merits-based discovery in this action, except for Defendant's responses to Plaintiff's previously propounded written discovery (*see* fn. 2), pending resolution of the motion for summary judgment. It would be an efficient use of the Court's and the parties' resources to address exhaustion issues before reaching the merits of the case. Moreover, the Court finds such a stay would not prejudice Plaintiff.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to stay discovery (Doc. 49)—with the exception of Defendant's responses to Plaintiff's previously propounded written discovery to which Defendant must respond—is GRANTED;

2. The completion of all discovery and filing of pretrial dispositive motion deadlines referenced in the March 24, 2022, order are VACATED;

//

//

3. Once the motion for summary judgment has been determined, if appropriate, the Court will lift the stay of discovery and impose new deadlines.

IT IS SO ORDERED.

Dated: **May 11, 2022**          /s/ *Sheila K. Oberto*
                                 UNITED STATES MAGISTRATE JUDGE